331 So.2d 539 (1976)
John ASHLEY
v.
Edward ROBERTS et al.
No. 10696.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Rehearing Denied May 24, 1976.
A. Michael Dufilho, Baton Rouge, for defendants-appellants.
Warren L. Mengis, Baton Rouge, for plaintiff-appellee John Ashley and others.
Before LANDRY, COVINGTON and PONDER, JJ.
*540 LANDRY, Judge.
This matter was consolidated with St. Paul Fire & Marine Insurance Company v. Edward Roberts et al., La.App., 331 So.2d 529. The same defendants in the consolidated action appeal from judgment rendered against them in favor of plaintiffs herein, John Ashley and Judith Ashley, aggregating $84,000. For the reasons assigned in St. Paul's case, we affirm the finding of liability on the part of defendants Asplundh Tree Expert Company, Asplundh Service Company and Asplundh Brush Control Company (Asplundh) and their insurer The Aetna Casualty & Surety Company (Aetna). We discuss herein only the question of quantum.
The trial court awarded Miss Ashley and her father $9,000.00 for medical expense, past and future, the amount of which is not disputed by Appellants. However, Appellants strongly urge that the award of $75,000.00 to Miss Ashley for personal injuries is grossly excessive and should be drastically reduced.
Notwithstanding the constitutional mandate for appellate review of both law and facts in civil cases, our Supreme Court has decreed that effect must be given La. C.C. Article 1934(3) which provides that much discretion is vested in the trier of facts as regards assessment of damages for offenses and quasi-offenses. It has been repeatedly held that appellate courts should not disturb an award of damages assessed by judge or jury except where it is found that there has been a clear abuse of the discretion vested in the lower court. Lomenick v. Schoeffler, 250 La. 959, 200 So. 2d 127; Miller v. Thomas, 258 La. 285, 246 So.2d 16, and authorities therein cited.
Miss Ashley was 16 years of age at the time of the accident. Her most serious injury was a deep cut under her chin, extending almost from ear to ear, which wound was described by one of her treating surgeons as almost like she had had her head cut off. Additionally, Miss Ashley suffered dual fractures to her mandible (jawbone), one fracture being a through and through break at the midline and the other being under the left ear. Miss Ashley also suffered multiple facial lacerations and the fracturing of tooth enamel resulting in the loss of two teeth. The midline jaw fracture was aligned by open reduction. The patient's jaws were wired together for a period of approximately 7 to 8 weeks. Immediately following the accident, a tracheotomy tube was inserted in her throat to facilitate breathing and administration of anesthetics; the tube remained in place until October 20, 1971. For the first 10 days following the accident, she was fed intravenously. At the end of this period, a Levine tube was inserted in her nose so that she could be fed liquids and soft foods. The Levine tube also remained in place until October 20, 1971. On removal of the wiring from her jaw she experienced considerable difficulty and pain on trying to eat. It was early November, 1971, before she could eat normal table foods. Three months after the accident, Miss Ashley's damaged central incisor was replaced with a full crown. In February 1972 another damaged tooth abscessed causing her jaw to swell considerably. The abscess was treated for three months and a root canal performed on the tooth when the infection was checked. Despite her dental injuries, Miss Ashley has suffered no loss of tooth function.
Throughout her recovery plaintiff was plagued by excessive tongue swelling which made swallowing difficult and greatly impeded her speech. At the time of trial she still experienced difficulty in moving her tongue and the attendant problems in eating and talking. She cannot move food around in her mouth with her tongue and she has to manually place food on the back of her tongue to chew or masticate properly. Due to her speech problem she cannot serve in a secretarial or clerical capacity where telephone answering is part of her duties, although she possesses all other requisite skills for such positions. *541 Prior to the accident, plaintiff often spoke publicly during school and church activities. Since the accident she has been unable to do so because of her speech impediment, which condition has also caused her to abandon her interest in vocal music. She first returned to school for only two hours daily with tubes in her throat. During this period the pupils of her eyes dilated because of medication she was taking, which condition often made it difficult, if not impossible, for her to read. She salivated profusely and drooled constantly because she was unable to swallow her saliva due to the tubes in her throat. By mid term, the tubes were removed and her difficulties were somewhat relieved.
Miss Ashley married in May, 1974. She is presently able to perform all her household duties. She was released from all medical supervision before trial. She plans future repair of some of her facial and neck scars which, though noticable, are not disfiguring to an appreciable extent.
Considering the nature and extent of plaintiff's personal injuries, the pain and inconvenience she has suffered as a result thereof, and the future inconvenience, discomfort and aggravation which she will experience, we find no abuse of the trial court's discretion in awarding plaintiff the sum of $9,000.00 for past and future medical expense and $75,000.00 for general damages.
Counsel for Miss Ashley mentions in brief that the award of $9,000.00 for medical expenses should be increased to include damages proved at trial, though not stipulated as other damages were. Whatever the merit of counsel's argument, Miss Ashley has not appealed or answered the appeal in the instant case and, therefore, cannot receive any additional relief.
The judgment of the trial court is affirmed, defendants Asplundh and Aetna to pay all costs of these proceedings.
Affirmed.