331 So.2d 541 (1976)
Henry S. MARTIN
v.
Edward ROBERTS et al.
No. 10697.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Rehearing Denied May 24, 1976.
*542 A. Michael Dufilho, Baton Rouge, for defendants-appellants.
James H. Morrison and Timothy R. Higgins, Hammond, for plaintiff-appellee Henry S. Martin, and others.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
This matter was consolidated with St. Paul Fire & Marine Insurance Company v. Edward Roberts et al., La.App., 331 So. 2d 529. The same defendants in the consolidated action appeal from judgment against them in favor of plaintiffs herein, Henry S. Martin and Sharon Martin in the sum of $66,000.00. For the reasons assigned in the St. Paul case, we affirm the finding of liability on the part of Asplundh Tree Expert Company, Asplundh Service Company and Asplundh Brush Control Company (Asplundh) and their insurer The Aetna Casualty & Surety Company (Aetna).
We consider the question of quantum only. The trial court awarded plaintiffs herein the sum of $6,000.00 for special damages, including past and future medical expense, and $60,000.00 for personal injuries, pain and suffering sustained and incurred by Mrs. Martin as a result of the accident.
As stated in the Ashley case, La. App., 331 So.2d 539, we are aware that appellate courts are not to disturb awards of trial courts in the assessment of damages in tort cases, save upon a finding of a clear abuse of the trial court's discretion in such matters. Miller v. Thomas, 258 La. 285, 246 So.2d 16; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127. We affirm the award for personal injuries in this case upon finding no abuse of the trial court's discretion in this instance.
Mrs. Martin was 19 years of age and married at the time of the accident. Her injuries consisted of (1) severe facial lacerations leaving multiple noticeable scars, including a three and one-half inch scar extending from the left lower lip to the left cheek; (2) laceration of the left upper eyelid causing the eyelid to droop; (3) laceration at the medial end of the left eyebrow with destruction of hair growth over the scar; (4) laceration in the left temporal area; (5) severance of the supraorbital nerve causing intermittent severe burning and itching sensations in the forehead area; (6) the continued surfacing from her head and face of small bits of embedded glass; (7) the cracking of the enamel of all six of her upper interior teeth; and (8) fracture of the frontal bone of the forehead.
Following the accident Mrs. Martin spent two days in the hospital, after which she recuperated at home for several months. She was restricted to a liquid diet for approximately three weeks due to the bandages and stitches on her face. She experienced some nausea, dizziness and blurring of vision for a time after the accident but all such sympatoms had ceased as of the time of trial. The cracked teeth resulted in some sensitivity. To relieve the roughness of the teeth and prevent her from biting her lips, the injured teeth were filed smooth by her dentist. On two occasions she has undergone plastic surgery to improve her facial scars. In each instance she was hospitalized for two days. The remedial surgery produced good results and the expert testimony indicates that further improvement could be obtained by additional plastic surgery.
By the time of trial, Mrs. Martin, an attractive 24 year old housewife, was able to engage in all normal activities. However, *543 she was still suffering from the irritation of bits of glass occasionally surfacing from her head and face, the crumbling and chipping of her teeth and the burning and itching sensation experienced in her head and forehead due to severance of the supraorbital nerve. She is now wearing glasses for reading and driving whereas she did not before the accident. Her injured eyelid still droops slightly. She experiences pain and discomfort upon eating. While she has lost no teeth to date, there is still a possibility that she may lose one or more teeth in the future. Mrs. Martin herself was introduced in evidence in the trial court and appeared before us. While we were impressed with the excellent results achieved by her plastic surgery, we noted that her scars are perceptible but not so apparent as to appreciably detract from her physical appearance.
The judgment of the trial court is affirmed, defendants Asplundh and Aetna to pay all costs of these proceedings.
Affirmed.