BYRNES, Judge.
This is an appeal from a decision in which the trial judge rendered judgment in favor of Isaac Minton on behalf of his minor child, Connie Minton, in the amount of $450,000.00 against appellants St. Bernard School Board, Louis Flair and Continental Insurance Company. For the reasons stated below we affirm in part and amend in part the judgment of the trial court.
This action arose out of an accident involving a school bus and a pedestrian whereby young Minton was struck by a St. Bernard school bus driven by Louis Flair. Minton suffered a severe degloving-type injury to the inside of her thigh. She also suffered a fractured wrist and the loss of a front tooth. The two issues on appeal are: (1) Negligence on the part of the bus driver and the school board, and (2) whether the quantum awarded by the trial judge was excessive.
NEGLIGENCE
The school bus was proceeding east on a two lane highway in St. Bernard Parish. The driver testified that he saw two groups of children on the road ahead and he slowed down. At that time he was going between forty and forty-five miles per hour. A child darted across the highway and was followed by another child, Connie Minton. The bus driver upon seeing Minton, swerved the bus into the west bound lane and Minton, apparently panic stricken, reversed her movement and ran back into the path of the vehicle and was struck by the bus’s left front fender. The evidence indicated that had Minton continued her original movement, the accident would not have occurred.
The bus driver testified that he slowed down when he first saw the children and mindful of his passengers’ safety, did not immediately slam on the brakes for fear that the children would hit their faces on the rail above the seats in front of them. If he had applied the brakes the first time he saw the child he would have undoubtedly missed Minton. The school bus driver maintained that a sudden emergency was created whereby he had to make a choice between the safety of his passengers and the safety of the pedestrians. We need not discuss this contention as the record supports the court’s determination that it was the bus driver’s negligence which placed him in the position whereby he had to make the decision whether to brake suddenly to avoid Minton or to try to stop the ■ bus gradually and prevent injury to his passengers.
We are in agreement with the trial court’s finding of negligence as supported by the record, and after a careful review thereof, we find no manifest error was committed by the trial court. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978); Canter v. Koerhing, 283 So.2d 716 (La.1973). *169 We therefore affirm the lower court’s decision as it pertains to the negligence of the bus driver and the St. Bernard School Board.
QUANTUM
The trial judge, in assessing damages, in this court’s opinion clearly abused the great latitude of discretion allowed him. The Supreme Court in Reck v. Stevens, 373 So.2d 498 (La.1979) and Coco v. Winston Industries Inc., 341 So.2d 332 (La.1976) set forth explicit guidelines to be used by appellate courts in determining whether the trial judge abused the great discretion allowed him.
While it is a great temptation for the appellate courts to rely on past damage awards for similar injuries in determining whether the trial judge had erred in his award, we wholly subscribe to the views of the Supreme Court that each injury in and of itself is a unique event and should not be compared with other seemingly similar but in actuality dissimilar injuries in determining the proper quantum to be awarded. We have reviewed the many cases presented us by both sides and their arguments for the amount of quantum to be awarded and we find them totally inappropriate in that the injuries complained of in those past cases are for the most part dissimilar to the injury at hand.
While this court emphatically states that we do in no way minimize the severity of the injury sustained by Connie Minton, we do feel that the trial judge abused his discretion in awarding $450,000.00. Our determination of the range of discretion in which the lower court judgment should fall is based on several things.
The child was in the hospital for approximately one month. Her recovery was, in the view of this court, uneventful when compared with recovery by others for an injury of this type. The child does have a ten by three inch scar on the inside of her thigh. She additionally has some scarring about her knee and the disability remaining is approximately 5 per cent. There is some scarring on her lower abdomen where the skin graft was taken. There is no evidence as to any residual disability stemming from any of the other injuries complained of, i.e., the fractured wrist and the lost tooth. Further, there is nothing in the record to indicate anything other than an uneventful recovery from these injuries. The thrust of plaintiff’s argument is directed towards the leg injury. We, while not dismissing the other injuries of plaintiff, direct our discussion to the leg injury.
Plaintiff, in post trial memorandum, itemizes her damages as follows: $5,889.25 for out of pocket expenses to date, $15,-000.00 to $20,000.00 for future medical expenses which would cover approximately three 10-day hospital sojourns during which additional skin grafts would be made, and $175,000.00 for future disability and past and present pain and suffering. The trial judge awarded $450,000.00.
Although we are not in a position to hear the evidence firsthand, and make a determination on our own as to the exact amount of damages to be awarded based on the evidence, see Reck and Coco, supra, we feel that plaintiff’s post trial memorandum has set forth a fairly accurate indicator of the upper level of the area of discretion below which we will not disturb.
We therefore amend that the lower court’s judgment only in so far as to change the $450,000.00 amount to read $200,000.00. All other aspects of the judgment and the amended judgment are to remain the same. All costs of these proceedings are to be borne by the respective parties.
AMENDED AND AFFIRMED.