PONDER, Judge.
Plaintiff appealed the general damage award rendered by the trial court for injuries incurred in an automobile accident. The only issue is quantum.
Plaintiff, a forty-one year old school teacher, was involved in a one car accident. The only defendant remaining in the suit at the time of the trial was Horace Mann Insurance Company, the omnibus insurer of her husband. The trial judge gave plaintiff judgment for $16,000.00 in general damages and $4,818.00 in special damages.
Plaintiff received three injuries as a result of the accident. The first was a fracture of a bone in her left foot which resulted in a claw deformity of the little toe. Disability of the foot was estimated at five percent and future complications were improbable. There was a possibility of the formation of corns or calluses.
Plaintiff also received facial lacerations consisting of a scar in the left forehead area which extended down to the brow and into the lid causing some drooping of the brow and lid; an avulsion of the left, upper lip just lateral to the nose[1] and a stellate type laceration of the chin.[2]
A plastic surgeon estimated a fifteen to twenty percent facial deformity. However, if the results from the plastic surgery were good, he felt the possibility of a twenty percent deformity would substantially decrease.
Plaintiffs third injury was a fracture of the socket portion of the ball and socket joint of the right hip. Plaintiff’s orthopedist had last examined her almost one year prior to trial and found that plaintiff had recovered a normal range of motion in her hip although she occasionally experienced pain with weather changes. The probability of the plaintiff’s developing some degree of post-traumatic arthritis due to the irregularity in the acetabulum was greater than fifty percent.
A second orthopedist, who examined the plaintiff approximately two months before trial, found she had a mild restriction of motion and post-traumatic fibrosis of her right hip. He estimated a five percent disability of the right hip and a ninety percent probability that plaintiff would not develop arthritis. He saw no problem with plaintiff’s continuing her work, but felt she would have to impose some limitations on her physical activities.
The plaintiff testified that she had been confined to bed for four weeks, á wheel chair for three weeks and on crutches for three months. Although she has been able to return to work, she can no longer wear high heels, water ski or work in the garden. She is still able to fish and swim but has not tried to play tennis.
Before an appellate court can disturb a general damages award made by a trial court, the record must clearly reveal that the trier of fact abused its “great” discretion in making the award. The initial inquiry is directed at whether the trial court’s award for the particular injuries and their effects upon this particular injured person, is a clear abuse of the trier of fact’s “much discretion.” Reck v. Stevens, 373 So.2d 498 (La.1979). This finding of abuse must be based on facts in the record rather than past cases which appear to be similar, and a finding that our consciences would be shocked if the award remained untouched. Hanzy v. Sam, 385 So.2d 355 (La.App. 1st Cir.1980).
Although the award is low, we cannot say that it is so shocking as to require a revision. Even after reviewing plaintiff’s cited cases awarding amounts much higher than the trial courts,[3] we find no abuse.
*506 The judgment appealed is affirmed with costs assessed to the plaintiff.
AFFIRMED.

. An avulsion is caused when tissue is scraped away and is one of the more difficult scars to repair. At the time of examination, the doctor recommended that the scar be left alone in hopes that the skin could granulate or fill in the hole remaining from the injury.

. A stellate laceration means that it is irregular, with jagged edges.

.Cases cited by the plaintiff were Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971), Min-ton v. Saint Bernard Parish School Board, 416 So.2d 167 (La.App. 4th Cir.1982); Chesson v. American Hardware Mutual Insurance Company, 412 So.2d 186 (La.App. 3rd Cir.1982); Dollacker v. Schimek, 411 So.2d 643 (La.App. 4th Cir.1982), writ denied 413 So.2d 908 (La.1982); Harrison v. State, Department of Highways, *506 375 So.2d 169 (La.App. 2nd Cir.1979), Martin v. Roberts, 331 So.2d 541 (La.App. 1st Cir.1976).